UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYRONE HURT,

        Plaintiff,

v.                                CASE NO. 3:16-cv-106-J-34MCR

UNITED STATES,

        Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in

District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc.

8). For the reasons stated herein, the undersigned recommends that the

Application be **DENIED** and the case be **DISMISSED**.

Plaintiff filed his Complaint on February 1, 2016. (Doc. 1.) The Complaint

consisted of a handwritten, four-page document that is, for the most part, illegible

and incomprehensible. Upon review of the Complaint, it was unclear to the Court

whether Plaintiff was, in fact, suing the United States, whether the Court has

---

[1] "Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

jurisdiction over the case, and whether Plaintiff (as a "citizen of [] D.C.") brought his action in the proper venue.  It also appeared to the Court that Plaintiff may have attempted to file his Complaint in every division within the Middle District of Florida, which would be improper.  Although largely unintelligible, the Complaint appeared to be suing on behalf of Mr. Hurt and also on behalf of the National Museum of African-American History and Culture.  It did not appear that Plaintiff made the threshold showing of an actual case or controversy, as Plaintiff appeared only to reference past historical events.

Further, Plaintiff apparently requested to proceed *in forma pauperis* in the Complaint, but failed to complete the application to proceed *in forma pauperis* as required by the Court.  The Court instructed Plaintiff "to carefully, legibly, and completely fill out, sign under penalty of perjury, notarize and file the attached form," and cautioned Plaintiff that "[f]ailure to comply with these instructions may result in a recommendation to the District Judge that the Application be denied." (Doc. 3 at 2.)  For the reasons listed above, the Court denied without prejudice Plaintiff's request to proceed *in forma pauperis* and instructed him to file an amended complaint and a proper application, curing all deficiencies, on or before March 24, 2016.  (Doc. 3.)  On February 24, 2016, Plaintiff filed an "Amendment to the Complaint" and the Application.  (Docs. 7 and 8.)

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28

2

U.S.C. § 1915(a)(1).  The Court's decision to grant *in forma pauperis* status is discretionary.  *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  While a litigant need not show he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Although Plaintiff filed the Application as instructed by the Court, he failed to comply with the Court's other instructions, thereby making it impossible for the Court to determine whether Plaintiff qualifies for *pauper* status.  First, Plaintiff failed to notarize the document as instructed by the Court.  Second, Plaintiff failed to carefully, legibly, and completely fill out the Application.  Like the Complaint, the handwritten Application is extremely difficult to read.  (Doc. 8.)  Nevertheless, while Plaintiff states that his monthly income and monthly expenses both equal $733.00, Plaintiff failed to appropriately complete the individualized categories to enable the Court to analyze his financial status.  For example, he states that he earns $733.00 in employment income, but also states that he receives monthly "S.S.I." disability payments of an unidentified amount.  (*Id.* at 1-2.)  Also, Plaintiff states that his spouse receives no monthly income, but also states that she receives $733.00 per month in retirement, disability, unemployment payments, public assistance, and other income.  (*Id.* at 2.)  Moreover, rather than informing

the Court of the monetary value of each individual category of expenses, Plaintiff appears instead to write in each category the type of expense payment that he makes (*i.e.*, for the "Rent or home-mortgage payment" category, he wrote "Rent" after the "$").  (Doc. 8 at 4.)  Because Plaintiff failed to comply with the Court's instructions, the Application could be denied on that basis alone.  However, even assuming Plaintiff's indigent status, the undersigned recommends that the case be dismissed for the reasons set forth below.

Even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)).  To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims. Fed. R. Civ. P. 8(a).  This statement of facts must show the plausibility of Plaintiff's claim.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Each paragraph in a complaint should be sequentially numbered, and the complaint should be double-spaced.

The papers filed here do not meet these standards.  The handwritten, four-page "Amendment to the Complaint," like the Complaint itself, is, for the most part, illegible and incomprehensible.  The amendment does not clarify whether Plaintiff is, in fact, suing the United States, whether the Court has jurisdiction over this case, and whether Plaintiff (as a "citizen of [] D.C.") has brought this action in the proper venue.

Finally, Plaintiff has again failed to establish the nature of his claims or that he has standing to bring them.  He appears, in the somewhat legible portion of his Complaint, to be seeking monetary damages for himself and/or the National Museum of African-American History and Culture for unjust, past historical events, including the illegal transportation of African Americans from Africa to "this uninhabited land, in violation of humanitarian order."  (Doc. 1 at 2.)  The threshold showing of an actual case or controversy requires that Plaintiff "must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  A plaintiff must "allege such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions . . ." *Baker v. Carr*, 369 U.S. 186, 204 (1962).

Further, assuming Plaintiff seeks damages for past wrongs inflicted upon

his ancestors, the Seventh Circuit explained in *In re African-American Slave*

*Descendants Litigation*:

> [T]here is a fatal disconnect between the victims and the plaintiff[].
> When a person is wronged, he can seek redress, and if he wins, his
> descendants may benefit, but the wrong to the ancestor is not a
> wrong to the descendants.  For if it were, then (problems of proof to
> one side) statutes of limitations would be toothless.  A person whose
> ancestor had been wronged a thousand years ago could sue on the
> ground that it was a continuing wrong and he is one of the victims.

471 F.3d 754, 759 (7th Cir. 2006).  The court further stated:

> There is no way to determine that a given black American today is
> worse off by a specific, calculatable sum of money (or monetized
> emotional harm) as a result of the conduct of one or more of the
> defendants.
> . . .
> And again, if there were a legal wrong, it would not be a wrong to
> any living persons unless they were somehow the authorized
> representatives to bring suits on behalf of their enslaved ancestors. .
> . . It is like a suit by a descendant of a Union soldier, killed in battle,
> against a Civil War era gun manufacturer still in business that sold
> guns to the Confederacy in violation of federal law.  A federal court
> could not entertain the suit because the plaintiff would be unable to
> prove a harm to an interest of his (such as his bank account) that the
> law protects. . . . It is possible that had the ancestor not died when
> he did he would have become a wealthy person and left bequests so
> immense that his remote descendant, the plaintiff, would have
> inherited more money from his parents or grandparents than he
> actually did.  But that is too speculative an inquiry to provide a basis
> for a federal suit.

*Id.* at 760-61.  Here, Plaintiff has not sufficiently pled the nature of his claims or

the type of immediate, particularized injury-in-fact as required to establish

standing.[2]

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 8**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and

close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 7, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

---

[2] Even if the Complaint could be interpreted as being brought by a legal representative of alleged slave victims, it would be barred by the applicable statute of limitations. *In re African-American Slave Descendants Litigation*, 471 F.3d at 763.